### 27842. YEAGER *v.* ADAMS.

DECIDED FEBRUARY 7, 1940.

*D. W. Mitchell,* for plaintiff. *R. Carter Pittman,* for defendant.

GUERRY, J. Mrs. C. J. Yeager in July, 1937, obtained a judgment against C. J. Yeager. This judgment was predicated on an attachment sued out in February, 1937, against C. J. Yeager, and served by a summons of garnishment on the executors of J. T. Edwards, deceased. The garnishee answered that J. T. Edwards in his lifetime had executed to Gus Yeager, the father of C. J. Yeager, certain notes. The estate of Edwards was indebted to the holders of these notes, and as Gus Yeager was dead she did not know who owned the notes which were secured by a deed to certain realty. The notes were claimed by Mrs. Adams. Mrs. Adams, being made a party, filed her intervention and alleged that she was the executrix of the estate of Gus Yeager; that under the will the notes in question were devised to her and her sister and C. J. Yeager; and that a division was had between her and her sister

and brother, whereby these notes and deeds securing them were delivered to C. J. Yeager without any written transfer. ·Later she loaned certain sums of money to C. J. Yeager, and on April 3, 1936, C. J. Yeager by a written transfer conveyed said notes and deeds to her. Mrs. Yeager, the plaintiff, testified that she lived with· C. J. Yeager as his wife until May 25, 1936, and that·he was in possession of the notes and deeds thirty to sixty ·days before that time. Mrs. Adams testified as to the facts above stated. The court directed a verdict in her favor. Error is assigned thereon. The evidence of the plaintiff as to when she saw C. J. Yeager with the notes is inconclusive, and must yield to the written transfer sworn to before a notary. Moreover, such evidence, if taken as positive and true, does not show that Mrs. Adams was not ,the owner of the notes and security on February 22, 1937. The time of the transfer became immaterial, unless it was shown to have been since February 22, 1937.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*